### In re ARCHBOLD & HAMILTON.

(District Court, N. D. California, First Division. November 16, 1916.)

No. 10025.

BANKRUPTCY ⬤⟿132—TRUSTEE—SELECTION.

All of the creditors save one voted for a particular person as trustee, but the bankrupt objected to his selection on the ground that the firm of attorneys who represented him were also attorneys for a creditor who was claiming the return of merchandise delivered to the bankrupt upon an alleged assignment. It was represented that the one whose selection as trustee was opposed would engage additional attorneys, and that the attorneys already selected would not, in case of conflict of interest, represent the creditor. *Held* that, while the selection of trustees brought about by persons having an adverse interest to that of the general creditors should be denied, it was improper in such case for the referee to refuse to approve the selection of the trustee by the creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 190; Dec. Dig. ⬤⟿132.]

In Bankruptcy. In the matter of the bankruptcy of Archbold & Hamilton. Proceedings to review an order of the referee refusing to approve the selection of Joseph Golden as trustee. Order reversed, with directions, and subsequent proceedings relative to the selection of a trustee set aside.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Driver & Driver, of Sacramento, Cal., for bankrupts.

Asher, Meyerstein & McNutt and Rothchild, Golden & Rothchild, all of San Francisco, Cal., for certain creditors and trustee.

DOOLING, District Judge. At the first meeting of creditors, which was held on May 5, 1916, all of the creditors that voted for trustee voted for one Joseph Golden for that office. The amount of claims thus voted was $3,582.14. An objection was made by the bankrupt to this selection on the ground that the firm of Rothchild, Golden & Rothchild, attorneys, who were the attorneys for said proposed trustee, were also attorneys for Strouse & Bros., a creditor of said bankrupt, who was claiming the return of certain goods and merchandise delivered to the bankrupt upon an alleged consignment. Joseph Golden is not a member of the firm above named, but would, if elected trustee, employ the said firm as his attorneys. The referee refused to approve the selection of Mr. Golden, basing such refusal upon the ground that:

"There was a reasonable cause to believe that a conflict of interest might have arisen by reason of the fact that Messrs. Rothchild, Golden & Rothchild were attorneys for Strouse & Bros., who were claiming the return of certain merchandise of the bankrupt estate."

It was stated to the referee that, if it should afterwards appear that there was any conflict between the interests of the creditor, Strouse & Bros., and the trustee, the firm of Rothchild, Golden & Rothchild would not represent the claim of said Strouse & Bros., and that said trustee would have as his counsel, not only the firm above named, but also the firm of Asher, Myerstein & McNutt, and Messrs. J. P. Keleher and Joseph Kirk.

This court has at different times clearly expressed itself upon the impropriety of the representation by the same attorney of conflicting interests. The court has also in several cases approved the action of referees in refusing to approve the selection of trustees brought about by persons having an interest adverse to that of the general creditors of the estate. The rules heretofore laid down by the court in these respects will not be relaxed; but, on the other hand, they will not be unduly extended, so as to deprive creditors acting in good faith from controlling the election of trustee. Under all the circumstances disclosed here, I cannot agree with the referee's conclusion that the selection of Joseph Golden as trustee was one which should not be approved.

The order rejecting and disapproving the selection of Joseph Golden as trustee is reversed, and the referee is directed to approve such selection. The subsequent proceedings relative to the selection of a trustee are set aside. So also is the order refusing to approve the offered compromise, so that this last matter may be left open for further action by the creditors and the referee.